Day, J.
 

 The question here presented is whether, in granting the plaintiff herein a new trial, the court abused its discretion.
 

 The granting of a motion for a new trial is not a final order and, therefore, not subject to review, except in cases where it clearly appears from the record that the trial court has abused its discretion in so doing.
 
 Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 20 N. E. (2d), 221, and cases there cited.
 

 It is basic that litigants are entitled to have their rights tried and determined by a jury of impartial, unprejudiced and unbiased men and women. To enable litigants to test the qualifications of prospective jurors, the law affords them the right to conduct
 
 voir dire
 
 examinations.
 

 “The purpose of the examination of a prospective juror upon his
 
 voir dire
 
 is to determine whether he has both the statutory qualifications of a juror and is free from bias or prejudice for or against either litigant.” Paragraph one of the syllabus of
 
 Dowd-Feder, Inc.,
 
 v.
 
 Truesdell,
 
 130 Ohio St., 530, 200 N. E., 762.
 

 
 *175
 
 To make
 
 voir dire
 
 examinations serve the purpose intended, it is essential that the prospective juror examined should search his memory and give frank and truthful answers to the questions propounded. Where, on
 
 voir dire
 
 examination, the undisclosed or denied facts are such as to he indicative of a mind which it is reasonable to believe is biased or prejudiced, or such as would disqualify the prospective juror in the first instance, the granting of a new trial under such circumstances is not an abuse of discretion.
 

 The trial court, in granting the motion for a new trial, made the following entry: ‘ ‘ Motion for new trial is granted on the sole ground that two jurors did not fully disclose regarding former accidents.”
 

 There were three jurors who did not fully disclose former accidents, and since the depositions of all three and the facts surrounding their fitness to serve as jurors were before the court, and since the trial court did not mention which two he referred to in the journal entry, we may assume that juror Elmer J. Mlinar was one of the two jurors considered.
 

 Juror Marie E. Robinson had sustained minor injuries about two or three years prior to the trial of this case and had collected $10 in settlement thereof. It is altogether reasonable to assume that she had completely forgotten the occurrence, as she testified.
 

 The fact that a juror recalls trifling incidents after trial which he had completely forgotten during the
 
 voir dire
 
 examination, does not necessarily show that the juror was disqualified.
 
 Drury
 
 v.
 
 Franke,
 
 247 Ky., 758, at 795, 57 S. W. (2d), 969, 88 A. L. R., 917, at 940.
 

 With respect to juror Herman C. Neitzel, the injury to his son was not sustained in an automobile accident. It is therefore reasonable to assume that in answering the interrogations of plaintiff’s counsel, the juror was honestly mistaken in the scope of counsel’s inquiry and assumed that it was directed to automobile accidents.
 

 
 *176
 
 With respect to juror Elmer J. Mlinar, the accident which he sustained was minor, with no resultant damage, and it is very likely that he had forgotten it. However, when he was asked: “Have you done any work for any automobile liability insurance company that insures motorists?” he answered: “No.” Yet, on
 

 deposition, he admitted that he had worked for the Pinkerton Detective Agency, and, in connection with the duties of his employment, had been engaged in “adjusting — investigating and adjusting — personal injury accidents.” It is highly improbable that this juror had forgotten having been thus employed. Prom his testimony on deposition, we are of the opinion that he had intentionally withheld this information, to the prejudice of the plaintiff. Had the juror been frank and disclosed on
 
 voir dire
 
 examination the facts which he disclosed on deposition, the plaintiff would have had an opportunity to exercise his right of peremptory challenge. Not having made such disclosure, plaintiff lost a valuable right. See
 
 Mathisen
 
 v.
 
 Norton,
 
 18 Wash., 240, 60 P. (2d), 1.
 

 In view of all the above, we are of the opinion that the trial court did not abuse its discretion in granting a new trial to the plaintiff. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Zimmerman, Williams and Hart, JJ., concur.
 

 Matthias, J., concurs in the judgment.