KARR, a Minor, Appellee, *v.* McNeil, a Minor, Appellant.

(No. 4285—Decided July 23, 1952.)

*Mr. Raymond J. McGowan,* for appellee.
*Mr. James Olds,* for appellant.

DOYLE, J. This is an action in tort to recover compensation for personal injuries sustained at about 8:45 o'clock in the morning of February 6, 1950, by plaintiff, then ten years of age, on a public street in Akron, by reason of collision with an automobile driven by the defendant, also a minor, of the age of nineteen years.

At the conclusion of the trial, a jury's verdict was returned in favor of the injured child in the amount of $3,000. The judgment entered upon this verdict forms the basis for appeal on questions of law to this court.

The evidence shows that, at the time of the accident, which occurred on the south crosswalk at a street intersection, there was hanging a standard automatic traffic signal in the center of the said intersection; the defendant, while on her way to classes at the University of Akron, where she was a student, drove her car south on the south-north highway (Portage Path), and, as she approached the intersection with the east-west highway (W. Market St.), the light showed green for the south-bound traffic. A moment or two prior to her arrival at the boundary of the intersection, the light changed to yellow, and she (as stated in her own testimony), being unable to stop before entering the crossing of the streets, continued on through.

At about this time the plaintiff, who was on her way to the Portage Path grade school, was signalled by a traffic officer to leave her position on the southwest corner of the intersection, and to proceed with the green traffic light across the street on the south crosswalk. In obedience to the instructions of the officer, the child stepped from the sidewalk, and, while walking on the crosswalk a few feet from the curb, was struck. She was carried a short distance on the bumper of the car, and then fell to the pavement. Upon later examination in a hospital, she was found to have suffered a fracture of the fibula, a crack of the tibia, and other injuries of a less serious nature.

Attention will be first directed to the claim that the court erred in instructing the jury that the defendant was guilty of negligence as a matter of law, and to answering the following questions raised by the defendant, the appellant herein:

"3. * * *.

"(a) Is the operator of a motor vehicle guilty of negligence as a matter of law, in entering an intersection upon the amber or caution light, when circumstances are such that it is impossible for such operator to stop before entering the intersection?

"(b) Can a minor who is operating a motor vehicle be charged with negligence as a matter of law, for failure to comply with the traffic signal ordinances and statutes?"

Section 6307-13 (b), General Code (Motor Vehicles), read, at the time of this accident:

"Yellow alone or 'caution' when shown following the green or 'go' signal.

"All traffic facing the signal shall stop provided that any traffic within the intersection shall be permitted to continue cautiously through the intersection."

An ordinance of the city of Akron was in identical terms.

(The statute has since been amended.)

It has been a law of long standing that the specific requirement of a law or ordinance enacted in the interest of public safety prescribes the standard of care required. Failure to comply therewith is negligence. *Claypool* v. *Mohawk Motor, Inc.*, 155 Ohio St., 8, 97 N. E. (2d), 32; *Schell* v. *DuBois, Admr.*, 94 Ohio St., 93, 113 N. E., 664, L. R. A. 1917A, 710; *Variety Iron & Steel Works Co.* v. *Poak,* 89 Ohio St., 297, 106 N. E., 24.

Where a violation of a specific requirement created by statute or ordinance is shown to exist, the rule of ordinary care is of no consequence. The violator is guilty of negligence "irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such * * * imposition of absolute duty * * *." *Swoboda* v. *Brown,* 129 Ohio St., 512, at page 522, 196 N. E., 274.

There is propounded the question by the appellant: "Does Section 6307-13, paragraph (b), require moving traffic approaching the signal to stop before entering the intersection when a yellow or caution light appears, even though that traffic may be so close to the intersection, though traveling at a lawful rate of speed, that it is physically impossible to bring the vehicle to a stop?"

Our answer is that the statute made no exception. It forbade, under the penalty of the law, the entering of an intersection against the warning of a yellow light which has succeeded a green light. It necessarily follows therefrom that a person, on peril of legal negligence, must so drive his automobile that he can stop before entering the barred zone.

We are not called upon and therefore do not say

whether a motorist may have the benefit of a legal excuse who, without fault and because of circumstances over which he had no control, was unable to comply with the law. The facts before us do not raise such question. *Hangen, a Minor,* v. *Hadfield,* 135 Ohio St., 281, 20 N. E. (2d), 715.

It is the conclusion of this court that, from the defendant's own admissions in her testimony and the evidence of other witnesses, the defendant beyond peradventure entered the intersection "against the light," and, in doing so, violated the statute.

We next meet the question whether a 19-year-old college student can be guilty of primary negligence (as distinguished from contributory negligence) as a matter of law for failure to comply with a specific statutory traffic requirement.

In cases involving the claim of *contributory negligence* of a minor, special consideration is generally given to the child's age, intelligence and capacity, at least until it has reached the later years of its infancy and may be judged by an adult standard of conduct. It is generally recognized in the case law that when initial capacity for some negligence is established (a child beyond babyhood or early infancy), the standard of care for the child is not to be judged by that of the reasonably prudent man, but by that care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Grambo, Sr., Admr.,* 103 Ohio St., 471, 134 N. E., 648, 20 A. L. R., 1214; *Michalsky, a Minor,* v. *Gaertner,* 53 Ohio App., 341, 5 N. E. (2d), 181. See, however, on the question of assumption of risk by a minor, *Englehardt, a Minor,* v. *Philipps,* 136 Ohio St., 73, 23 N. E. (2d), 829.

It is interesting to note that most of the cases in tort treating the claims of common-law negligence or statutory violations by infants are cases in which the claim of *contributory negligence* of the infant is asserted.

" * * * The mental capacity, the knowledge and experience of the particular child, are * * * taken into consideration * * *. These qualities are individualized —subjective—*but only* for the purpose of determining whether or not the child was capable of perceiving the risk of injury to himself and of avoiding the danger. Beyond that, there is an objective standard. In determining whether or not his conduct was proper in view of his intelligence, knowledge and experience, his conduct is to be compared with that of the careful and prudent child of similar qualities. Just as in the case of adults, one of the qualities of the standard 'reasonable man' is consistent carefulness or prudence, so in the case of infants, the element of prudence is standardized." The Standard of Care Required of Children, 37 Yale Law Journal, 618, 625.

Our search in the various digests reveals no case involving the *primary negligence* of an infant growing out of the *violation of a specific requirement in a traffic statute* (as distinguished from common-law negligence), where a court has made any distinction based upon the minority of the defendant. Nor did the author of the annotation in 174 A. L. R., 1170, 1199, find any cases of this character.

It is not the purpose of this court to present the various theories of text writers in this field of the law, nor to marshal support for a rule applicable to primary negligence by analogy from the various rules pertaining to contributory negligence. In this connection, however, we refer to an exhaustive opinion by the Supreme Court of New Hampshire: *Char-*

*bonneau, Admr.,* v. *MacRury,* 84 N. H., 501, 153 A., 457, 73 A. L. R., 1266. It will be noted, however, that in that case the claimed negligence proximately causing the injury did not ensue from the violation of a statute which created specific requirements for the operation of motor vehicles.

We further refer the lawyer and the student to the many authorities on this general subject, involving both primary negligence and contributory negligence; to the annotation entitled ''Child's violation of statute or ordinance as affecting question of his negligence or contributory negligence'' in 174 A. L. R., 1170, *et seq.;* and to the following language of the opinion in *D'Ambrosio, a Minor,* v. *City of Philadelphia* (1946), 354 Pa., 403, 47 A. (2d), 256, 174 A. L. R., 1166, 1168: ''In the absence of the statute, the minor plaintiff's contributory negligence would have been for the jury. But the legislature established a standard of conduct for all persons which neither court nor jury may set aside in a case within its terms.'' (The injured boy was 12 years old.) See, to the contrary, *Michalsky, a Minor,* v. *Gaertner, supra* (9-year-old boy).

Based upon a study of the conflicting thought on the subject before us, we pronounce the rule for primary negligence to be applied in the instant case as follows: A college student, 19 years of age, has the same obligations as a noninfant in the observance of specific statutory regulations in the operation of a motor vehicle on the public highways, and a violation thereof by such minor constitutes negligence as a matter of law; and if such negligence proximately causes injury to another, she may be properly held to respond in damages for the tort.

We find no error in the court's charge on the issue of negligence. Nor do we find error of a prejudicial character in the claim of ''misconduct of counsel in

*voir dire* examination and argument." *Dowd-Feder, Inc.*, v. *Truesdell,* 130 Ohio St., 530, 200 N. E., 762 (*voir dire* examination); *Petro* v. *Donner,* 137 Ohio St., 168, 28 N. E. (2d), 503. The challenged argument of counsel was in answer to and upon the invitation of opposing counsel. Nor do we find that the verdict is excessive in amount, as claimed.

Finding no error of a prejudicial nature, the judgment must be affirmed. It is so ordered.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.