McLAIN ET AL., APPELLANTS, *v.* FORD, APPELLEE.[*]

---

(No. 886—Decided May     , 1961.)

*Messrs. Graham, Graham, Gottlieb & Johnston,* for appellants.

*Messrs. Leasure & Micheli,* for appellee.

McLAUGHLIN, P. J.   In this appeal on questions of law the parties are designated as in trial court.

Defendant, 18 years of age, defending by guardian ad litem, was driving his automobile home from work.   The weather was bad.   It had been snowing for three hours.   The road was slippery and snow-covered.   While traveling at a moderate speed he came over a slight knoll and headed into a banked curve.   At this point his car slipped and skidded over the center line and into the left lane and collided head on with plaintiffs' truck which was entirely on its side of the road.

Plaintiffs filed suit for personal injuries.   Defendant filed a general denial and under it claimed unavoidable accident.

The jury verdict favored the defendant.   Plaintiffs appeal and assign nine errors:

"1. The judgment is manifestly and patently against the weight of the evidence.

"2. The court erred in charging the jury on unavoidable accident.

"3. The court erred in charging the jury that a violation of R. C. 4511.25 might constitute negligence.

"4. The court erred in placing a burden of proof on the appellants in addition to the burden required by law.

"5. The court erred in submitting issues to the jury which had been established by admissions of the appelleee and by uncontradicted evidence.

"6. The court erred in giving a special instruction without applying it by apt language to the evidence in the case.

"7. The court erred by giving a misleading charge in matters materially affecting appellants' rights.

"8. The court erroneously rejected evidence offered by the appellants.

"9. The court erred in overruling appellants' motion for a new trial."

Assignment of error No. 1 goes to the weight of the evidence. A word picture of this accident is obtained from the defendant's own testimony:

"Q. Would you relate to the jury what the weather conditions were on that day? A. Well, it had been snowing. I think, for three hours. The weather conditions were very bad. It was good highway and it was covered with maybe five to six inches of snow and the highway was in very bad condition.

"Q. Well now, would you describe to the jury, as near as you can recall today, just what happened as you were proceeding on 75, near Avondale? A. Well, I was proceeding in the direction of Roseville, and as I stated the highway was in very bad condition. There were deep ruts where,—where, I suppose, cars had proceeded before me and had made the highway, the snow upon the highway, very choppy and slushy, for it was—well, ruts for each tire to run in, and the snow was piled up in the middle.

"Q. And describe to the jury just how the accident came about? A. Well, I was heading in the direction of Roseville and I do not recall exactly what point of the highway it happened on, being conditions of the highway, that picture was so much different. Well, as I stated, there were ruts and I had to concentrate on the road very intensely to maintain control of your car, and I was traveling along at a speed I recall as being twenty-five miles an hour, not over thirty, I would say. I recall I came to this place. It wasn't very easy to tell where the road was exactly, and all of a sudden the car began to turn, the front end to one side of the road to my left, and there wasn't anything you could do, and so I began controlling the car and trying to control the car at the same time you couldn't control it. The ruts in the road, as I stated, began to take control of the car and move it to the left side of the highway.

" * * *

"Q. There is no question in your mind but that your car did wind up on the wrong side of the road? A. I believe it did.

"Q. And then it struck McLain's car while it was on their side or while they were on their side of the road? A. That is correct.

" * * *

"Q. Was there any difference in the road at the point of the accident, on Route 75, than at any other point on that road from the intersection to it? A. No, I wouldn't say so.
"* * *

"Q. Well now, you, of course, are familiar with the place where the accident happened? A. Yes.

"Q. And worked in Zanesville and living as you were in Crooksville, did you say? A. That is right.

"Q. You passed that place about two times a day? A. I believe so.

"Q. Well, would it be safe to say, Mr. Ford, that before this accident occurred that you had been over that road a hundred times? A. I would imagine so."

There is in evidence defendant's plea of guilty to violating a safety statute, Section 4511.25, Revised Code (operating his automobile left of center), in this accident.

From the whole record and particularly from the defendant's own testimony, we determine that he was guilty of negligence per se, which was the proximate cause of the accident.

The evidence on this is so clear and undisputed as to make the verdict and judgment contrary to law. Therefore, the first assignment of error is sustained, not because the verdict and judgment is contrary to the weight of the evidence, but because it is contrary to law.

The second assignment of error is in charging the jury on unavoidable accident. Did the evidence justify the trial court in submitting that issue to the jury?

The defense of unavoidable accident "merely negatives negligence and may be shown under a general denial." See *Kohn, Admx.,* v. *B. F. Goodrich Co.,* 139 Ohio St., 141. But where, as here, the defendant admittedly failed to comply with the safety statute and is guilty of negligence per se, then the law puts upon him the burden to excuse such failure by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible. See *Satterthwaite* v. *Morgan,* 141 Ohio St., 447, and *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657. And the burden is on one who claims unavoidable accident to show by a preponderance of the evidence that the accident was caused by something that was unforeseeable and uncontrollable. See *Lehman* v. *Haynam,* 164 Ohio St., 595.

See, also, *Masterana* v. *Cashner*, 114 Ohio App., 379. This writer was author of the majority opinion therein. That case had a very similar fact situation. We there stated (in opinion on application for rehearing):

"* * * What we are saying is that, when this defense is interposed and the evidence conclusively shows that the defendant is prima facie guilty of negligence per se which was the proximate cause of the injury, the burden of proof is upon him to show that his violation of the statute was due to events unforeseeable, acts of God or other causes over which he had no control and which rendered it impossible for him to have avoided the injury. And we conclude in this case that the defendant, knowing the condition of this snowy road, had a duty to be in such control of his automobile that it did not skid to the wrong side of the road. The skidding was a foreseeable circumstance under such conditions.

"* * * The fundamental and underlying principle is the *unforeseeableness* of either the blackout or the skidding or whatever causes the prima facie negligence. If one has any reason to anticipate the occurrence he is not excused.

"We think that this not only is the law but that it should be. In this day and age of heavy automobile and truck traffic, if the drivers thereof so manage their vehicles on wet, snowy and slippery roads, which are well known to them, so that they skid across the center line and smash up innocent occupants of other automobiles obeying the law, and can then escape liability by claiming an inevitable accident, this court wants no part of such pronouncement."

When the search is put upon this record it reveals that the case should be reversed, among other grounds, upon the proposition that as a matter of law there was no evidence to justify submission of the issue of unavoidable accident to the jury. There was no evidence that in any manner tended to excuse this defendant being on the wrong side of the highway when this accident happened. It follows that the trial court erred in submitting this issue to the jury and in charging upon it. The second assignment of error is, therefore, sustained.

The third, fourth and fifth assignments of error go to the trial court's charge: (3) In charging that a violation of Section 4511.25, Revised Code, *might* constitute negligence, (4) in

placing a burden of proof on the plaintiffs in addition to the burden required by law, and (5) in submitting issues to the jury which had been established by admissions of the defendant and by uncontradicted evidence.

Our perusal of the evidence prompts the finding that the facts attending certain issues are admitted or the evidence in respect thereto is not in conflict. Those issues are (1) defendant's negligence per se; (2) proximate cause of the accident; (3) whether the roadway was two lane; and (4) unavoidable accident. These issues, by the evidence, are resolved in favor of the plaintiffs as a matter of law. Yet the trial court charged:

"If you find from the evidence, by a preponderance thereof, that said highway, at the place where the collision occurred, was sufficiently wide for one line of traffic in each direction with respect to the two motor vehicles involved; that defendant failed to there drive upon his right half of the roadway and so as to give to the other vehicle one half, or as nearly one half of the main travelled portion of the roadway as was reasonably possible, *unless it was unavoidable*, and that such failure to do so, *if negligence*, proximately caused the injuries and damage complained of by either or both of the two plaintiffs, each plaintiff is entitled to recover actual damages shown in such plaintiff's behalf." (Emphasis supplied.)

By those passages of the charge, the trial court committed prejudicial error. There was no dispute as to the proximate cause of the accident. There was no dispute as to the roadway being two lane. There was no dispute as to defendant's violation of the safety statute by driving his car left of center. As to these issues the trial court had the duty to charge the jury the result that must follow an application of the law to the facts as established.

We have already indicated that there was no sufficient evidence to justify submission of unavoidable accident as an issue to the jury. Even assuming contra, the charge was erroneous in that by the use of the words, "unless it was unavoidable," and, "if negligence," it put upon the plaintiffs the added burden of showing that the accident was not an unavoidable one.

Generally, it can be said that the charge was upon matters not really at issue, the overall result being that many parts thereof were superfluous, complex and confusing. But the

glaring prejudicial error committed was that it placed upon the plaintiffs too great a burden of proof.

Assignments of error Nos. 2, 3, 4 and 5 are, therefore, sustained.

Assignment of error No. 6 goes to the following special instruction:

"Ladies and gentlemen of the jury, I charge you in this case that the skidding of defendant's automobile was not, by itself, negligence. In order for the skidding of his automobile to be the basis for the recovery of damages for a collision caused thereby, it must be shown that negligence on the part of the defendant caused such skidding."

Plaintiffs contend error in that the court thereby gave the jury an abstract proposition of law without applying it to this case. We disapprove the instruction. But in view of the correct statement of law contained, we cannot say that it was prejudicial error. This assignment of error is, therefore, overruled.

Assignment of error No. 7 goes to the charge as a whole being misleading. This assignment is sustained for the reasons stated elsewhere in this opinion.

Assignment of error No. 8 goes to the rejection of evidence of possible future medical expenses. Such matters are largely within the sound discretion of the trial court. Inasmuch as the jury never reached the question of amount of damages, we cannot say that the trial court abused its discretion. Such assignment of error is, therefore, overruled.

Assignment of error No. 9 goes to the overruling of the motion for a new trial. Assignment sustained for the reasons stated elsewhere in this opinion.

*Judgment reversed and cause remanded.*

RUTHERFORD, J., concurs.

McCLINTOCK, J., dissenting. This is an appeal on questions of law. The plaintiff in her petition says that she was a passenger in a pickup truck being operated by her husband in a northerly direction, and that defendant drove a 1960 Plymouth automobile and collided head on with the vehicle in which plaintiff was a passenger; and plaintiff claims that the defendant failed to keep his automobile under control, that he operated it to the left of the center line, that defendant failed to give the

approaching vehicle one-half of the main traveled highway, and that plaintiff was injured; and she prayed for damages in the sum of $15,000.

Various motions were filed, and the cause came on before a jury which rendered a verdict in favor of the defendant. A motion for new trial was overruled by the court below, and plaintiff appealed to this court on questions of law and sets out nine assignments of error, which are as follows:

"1. The judgment is manifestly and patently against the weight of the evidence.

"2. The court erred in charging the jury on unavoidable accident.

"3. The court erred in charging the jury that a violation of R. C. 4511.25 might constitute negligence.

"4. The court erred in placing a burden of proof on the appellants in addition to the burden required by law.

"5. The court erred in submitting issues to the jury which had been established by admissions of the appellee and by uncontradicted evidence.

"6. The court erred in giving a special instruction without applying it by apt language to the evidence in the case.

"7. The court erred by giving a misleading charge in matters materially affecting appellants' rights.

"8. The court erroneously rejected evidence offered by the appellants.

"9. The court erred in overruling appellants' motion for a new trial."

The important question to be considered in this case is the Constitution of Ohio, Section 6, Article IV:

"No judgment of any court of record entered on the verdict of the jury shall be set aside or reversed on the weight of the evidence except by the concurrence of all three judges of a Court of Appeals."

At the time this injury occurred and for a short time prior to the same, there was a snow storm, by reason of which defendant's car went to the left of the center and this accident happened.

On this question, I cite 2 Schwartz, Trial of Automobile Accident Cases, 222, commencing at Section 888:

"Section 888. Elements of Prima Facie Case.

"The decision of the defendant's motion for a non-suit will necessarily depend upon the determination of whether or not the plaintiff has made out a *prima facie* case. There are five essential elements in a *prima facie* case which the plaintiff must establish, to wit:

"(a) The existence of a legal duty owing from the defendant to the plaintiff.

"(b) That the defendant, his servant, agent or employee negligently violated such duty.

"(c) That defendant's negligence was the proximate cause of the plaintiff's injuries.

"(d) That plaintiff was free of contributory negligence or imputed negligence.

"(e) That plaintiff suffered damage because of the defendant's negligence.

"Section 889. (a) Existence of Legal Duty Owing from Defendant to Plaintiff

"The mere operation of an automobile upon the highway gives rise to certain duties which are imposed upon its operator for the protection of other travelers upon the highway. Such duties arise by statute and custom and are incident to the use of the automobile. The exact nature of these duties owing by travelers to each other has been gone into fully in connection with the testimony regarding the facts and need not be repeated here.

"The important question, in so far as the motion to dismiss is concerned, is: has the plaintiff connected up the particular defendant or defendants with the accident? Has he established the identity of the automobile or other vehicle which caused the accident and has he established that the defendant owned or controlled such vehicle?

"The proof of ownership and control may not be necessary where it is admitted in the pleadings. However, an admission of the ownership and control of a certain vehicle is not alone sufficient unless there is a further admission or proof that that particular vehicle was the one which was involved in the accident.

"Where there is no admission in the pleadings, or concession at the trial, the proof may be in the form of testimony by the plaintiff or his witnesses as to the license number or name

on the automobile coupled with proof of the registration of such automobile in the name of the defendant.

"The effect of the proof of ownership and the presumptions arising from such proof are considered in a later section.

"Section 890.  (b) Negligence of Defendant

"Ordinarily, negligence is not presumed and the plaintiff must prove acts or omissions on the part of the defendant, his servant, agent or employee constituting negligence.  The mere happening of an automobile accident does not, ordinarily, create a presumption of negligence on the part of the defendant and is generally insufficient, in and of itself, to make out a *prima facie* case.

"In certain cases the doctrine of *res ipsa loquitur* applied and a presumption arises which takes the place of evidence of negligence.

"As a general rule, the plaintiff must establish that the operator of the defendant's vehicle failed in his duty of exercising the care which a reasonably prudent person would exercise under the same circumstances.  What the conduct of a reasonably prudent person would be depends upon all the surrounding facts and circumstances.  However, such conduct may be defined:

"(1) *By Statutory Enactment*

"Where the conduct is prescribed by statute or ordinance, a violation of the same may constitute negligence or evidence of negligence.

"(2) *By the Courts*

"Certain acts or omissions have been held to constitute negligence as a matter of law or due care, and where such facts are shown, the trial court is justified in following the decisions in former cases in ruling on whether a *prima facie* case has been made out.  What constitutes negligence *per se* has been pointed out at appropriate places in the preceding sections.

"(3) *By the Jury*

"Generally, the question of whether the defendants' acts or omissions constituted due care or negligence, is for the jury to decide.

"Section 891.  (c) Defendant's Negligence the Proximate Cause of Plaintiff's Injuries

"One of the fundamental principles of the law of negligence

is that liability for acts of negligence follows only so far as the injuries are the proximate result of the negligence. This rule applies in cases of an automobile accident, and it is held that the owner or driver of a motor vehicle is liable, assuming his negligence, only for such injuries as proximately result from the negligent acts. There must be causal connection between the act of negligence and the resulting injury. On the other hand, the liability of the defendant party generally extends to all injuries which can be found to be the proximate result of the negligent acts."

In regard to the other assignments of error, the writer of this opinion has given careful consideration to the same, and I find no prejudicial error therein.

I have examined the entire record and I think on every question Judge Crossland did a magnificent job in the trial of this case, under the law as herein stated.

For the reasons herein stated, it is my opinion that the judgment of the Court of Common Pleas should be affirmed.