SCHWARZBEK, Exr., Appellant,

v.

City of WAUSEON, Appellee.

[Cite as *Schwarzbek v. Wauseon* (1996), 113 Ohio App.3d 631.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–95–027.

Decided Aug. 23, 1996.

632

*Craig L. Roth*, for appellant.

*Byron S. Choka*, for appellee.

SHERCK, Judge.

This appeal comes to us from the Fulton County Court of Common Pleas. In a wrongful death survival action, the common pleas court entered judgment on a defense verdict returned by a Fulton County jury. Because the trial court

erroneously instructed the jury that the collision between an EMS unit and a passenger car at a red light could be found to be an unavoidable accident, we reverse.

Appellant is Christina Schwarzbek, executor of the estates of Blaine and Mildred Sanders. Appellee is the city of Wauseon.

On May 17, 1993, the Sanderses were eastbound on U.S. Route 20A, which forms the northern boundary of Wauseon. Mildred Sanders was driving. As the Sanderses' car approached Ottokee Street, a city-operated emergency medical service ("EMS") vehicle came upon the intersection from the south on an emergency run. The EMS unit driver later testified that as she approached the intersection on a red light she slowed to approximately fifteen m.p.h., looked both directions at least twice, and saw no movement of cross traffic. The EMS unit entered the intersection and was almost immediately struck broadside by the Sanderses' vehicle. Investigators later estimated the speed of the Sanderses' car at impact as at or slightly below the posted fifty-five m.p.h. speed limit. Neither vehicle left skid marks.

Blaine and Mildred Sanders were both seriously injured. Each, after a period of hospitalization, died as a result of injuries sustained in the collision.

Appellant, on behalf of the Sanderses' estates, brought the wrongful death and survival action which is the subject of this appeal. Appellant alleges that appellee's EMS driver, acting within the scope of her employment, was negligent in the operation of the EMS unit and this negligence was a proximate cause of the injuries and eventual death of the Sanderses. Following discovery, the matter proceeded to a jury trial.

At trial, the EMS driver and two passengers testified that the EMS vehicle's emergency lights and siren were operating prior to the crash. However, a truck driver following some distance behind the Sanderses' car stated that he had not heard the siren. Two other drivers also testified that they had heard no siren. These witnesses did, however, testify that they had seen the EMS unit's flashing lights, but conceded that, because of buildings on the southwest corner of the intersection, it was not certain that Mildred Sanders saw or could have seen the lights. The trucker driving behind the Sanderses did not see their brake lights come on.

Over appellant's objection, the matter was submitted to the jury with an instruction that, should the jury find that the accident could not have been foreseen and avoided by the use of ordinary care by either driver, it could then conclude that the accident was unavoidable and affix no negligence to anyone. The jury returned a verdict for the defense, stating in an interrogatory that neither driver was negligent and, consequently, this was an unavoidable accident.

The trial court overruled appellant's motion for a judgment notwithstanding the verdict or, alternatively, a new trial and entered a judgment on the verdict. From this judgment, appellant now brings this appeal, setting forth the following four assignments of error:

"ASSIGNMENT OF ERROR NO. 1:

"The trial court erred as a matter of law in instructing the jury on the defense of unavoidable accident where the collision was preventable, and where there was no evidence that the collision happened from natural causes, and where Wauseon's EMS driver was negligent as a matter of law.

"ASSIGNMENT OF ERROR NO. 2:

"The trial court erred as a matter of law in failing to grant plaintiff's motion for judgment notwithstanding the verdict.

"ASSIGNMENT OF ERROR NO. 3:

"The trial court erred in failing to grant a new trial, pursuant to Ohio Civil Rule 59(A)(6).

"ASSIGNMENT OF ERROR NO. 4:

"The trial court erred in failing to grant a new trial, pursuant to Ohio Civil Rule 59(A)(1), (2)."

In her first assignment of error, appellant argues that the trial court's decision to instruct the jury on the defense of unavoidable accident was erroneous given the facts presented at trial.

Normally, a vehicle entering an intersection on a green light has the right to proceed uninterruptedly through the intersection. R.C. 4511.13(A)(1); but, see, *Tresenrider v. Riss & Co.* (1963), 120 Ohio App. 81, 28 O.O.2d 258, 201 N.E.2d 82. Concomitantly, faced with a red light at an intersection, the driver must stop his or her vehicle and may not proceed until the light changes. R.C. 4511.13(C)(1). A motorist's failure to abide by this rule may be deemed negligence *per se* if the violation results in a collision. *Karr v. McNeil* (1952), 92 Ohio App. 458, 461, 50 O.O. 41, 42, 110 N.E.2d 714, 717.

Superimposed upon these fundamental rules is the law governing a driver's duty concerning emergency vehicles. R.C. 4511.45 requires that, when a driver becomes aware of an approaching emergency vehicle with activated lights and sirens, he or she must yield to that vehicle. R.C. 4511.03 provides that the driver of an emergency vehicle on call, upon approaching a red light, "shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway." The statutory duty of "due regard" has been held to be

equivalent to the common-law duty of "ordinary care" in the context of a negligence action. *Agnew v. Porter* (1970), 23 Ohio St.2d 18, 24, 52 O.O.2d 79, 82, 260 N.E.2d 830, 833–834.

In this matter, the issue is whether either, neither or both of the drivers involved in this collision breached a duty of care. The trial court instructed the jury on both comparative negligence and the defense of unavoidable accident. The latter instruction is at issue.

██ An "unavoidable accident," sometimes called an "inevitable accident," "mere accident," "pure accident," or simply an "accident," is an occurrence which is unintended and which, under all circumstances, was neither foreseeable nor preventable with the exercise of reasonable caution. Prosser & Keeton, The Law of Torts (5 Ed.1984) 162, Section 29. Exact definitions of an unavoidable accident vary from state to state, but generally encompass accidents which are not caused by the negligence of any party to the action or to the accident. Examples include unforeseen behavior of animals (especially horses) and young children. Unexpected physical maladies such as a heart attack, stroke, fainting spell or seizure may also precipitate unavoidable accidents. *Id.* at 162–163.

██ Jury instructions on unavoidable accidents have, in recent years, come into disfavor. According to its detractors, the instruction only serves to confuse and mislead the jury because it "merely restates the principles of duty, negligence and proximate causation yet appears to inject a separate issue which tends to overemphasize and favor the defendant's case." *Id.* at 163–164; see, also, Annotation (1994), 21 A.L.R.5th 82, 119. For this reason, seventeen states and the District of Columbia no longer permit the use of the instruction in motor vehicle cases. See *Butigan v. Yellow Cab Co.* (Cal.1958), 320 P.2d 500, and cases enumerated in Annotation, *supra*, 21 A.L.R.5th 82, and Annotation (1959), 65 A.L.R.2d 1. Ohio permits use of the instruction, but only when there is evidence to justify the submission of the issue of unavoidable accident to the jury. *McLain v. Ford* (1967), 115 Ohio App. 69, 73, 20 O.O.2d 196, 198–199, 184 N.E.2d 530, 534.

Appellant in this case directs our attention to the often-cited syllabus rule of *Uncapher v. Baltimore & Ohio RR. Co.* (1933), 127 Ohio St. 351, 188 N.E. 553, paragraph two of the syllabus, for what she asserts is the Ohio definition of "unavoidable accident":

"Unavoidable accident occurs only when the disaster happens from natural causes, without negligence or fault on either side."

Appellant argues that since there was absolutely no evidence of any natural cause for the collision which killed her decedents, the unavoidable accident instruction was erroneous, confused the jury, and operated to her prejudice.

Appellant's suggested emphasis on the word "natural" in the *Uncapher* syllabus creates a rule that is too restrictive. The term "natural" in that syllabus is more appropriate in the maritime setting from which it was borrowed by the *Uncapher* court. In usage, a requirement for a "natural" cause has not been strictly adhered to. The more common definition used by Ohio courts comes from the text of *Uncapher* which defines an unavoidable accident as an occurrence which "could not have been foreseen or anticipated in the exercise of ordinary care," and which results without the fault or negligence of either party. *Uncapher*, 127 Ohio St. at 358, 188 N.E. at 556; see *Grindell v. Huber* (1971), 28 Ohio St.2d 71, 76, 57 O.O.2d 259, 261–262, 275 N.E.2d 614, 617.

Notwithstanding these definitional differences, it is improbable that the driver of an emergency vehicle approaching a controlled intersection on a red light would not foresee that there would be cross traffic moving through the intersection. It is the foresight of the specific danger that makes this accident avoidable with the exercise of ordinary care. Consequently, to charge the jury with an instruction on unavoidable accident only served to confuse the issue and, in all likelihood, overemphasized and favored the defendant's case. Accordingly, appellant's first assignment of error, insomuch as it complains that the trial court's unavoidable accident instruction was erroneous, is found to be well taken.

■ In the remaining portion of her first assignment of error and in her second assignment of error, appellant argues that because the jury found Mildred Sanders to be without fault in the accident and because, in closing arguments, appellee's counsel allegedly made "judicial admissions" of proximate cause and damages, appellee was negligent as a matter of law. Consequently, appellant contends the trial court erred in denying her post-trial motion for a judgment notwithstanding the verdict.

Appellant's argument is faulty in its premise. The jury returned a general verdict for the defense and, in a single interrogatory, found that the accident was unavoidable. In essence, the misinstructed jury concluded that no one was negligent. The verdict is no more valid for appellant than it is for appellee. There remains a question of fact as to whether the EMS driver exercised ordinary care when she entered the intersection. The trier of fact must now be permitted to decide this issue without the inappropriate influence of an erroneous instruction. Accordingly, that portion of appellant's first assignment of error in which she asserted negligence as a matter of law and her second assignment of error attacking the trial court's denial of her motion for a judgment notwithstanding the verdict are found not to be well taken.

Because we have already determined that a new trial must be had, we need not reach appellant's third and fourth assignments of error, which are found moot.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is reversed.  This matter is remanded to the court for a new trial.  It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., and ABOOD, J., concur.