SCHWARZBEK, Exr., Appellant,

v.

CITY OF WAUSEON, Appellee.

[Cite as *Schwarzbek v. Wauseon* (1998), 125 Ohio App.3d 736.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–97–011.

Decided March 31, 1998.

*Craig L. Roth,* for appellant.

*Byron S. Choka,* for appellee.

KNEPPER, Judge.

This is an appeal from a judgment of the Fulton County Court of Common Pleas which granted appellee's motion for judgment notwithstanding the jury verdict. For the reasons which follow, this court affirms the judgment of the trial court.

Appellant Christine S. Schwarzbek, executor of the estates of Blaine and Mildred Sanders, sets forth the following as her sole assignment of error:

"The trial court erred in its judgment entry filed and journalized March 25, 1997 whereby it granted appellee's (Wauseon's) motion for judgment notwithstanding the jury verdict finding that Wauseon had immunity under O.R.C. § 2744.02(B)(1)(b)."

The facts that are relevant to the issues raised on appeal are as follows. On May 17, 1993, the Sanderses were eastbound on U.S. Route 20A, which forms the northern boundary of Wauseon. Mildred Sanders was driving. As the Sanderses' car approached Ottokee Street, an emergency medical service ("EMS") vehicle came upon the intersection from the south on an emergency run. Marcia Demaline, driver of the EMS unit, later testified that as she approached the intersection on a red light she slowed to approximately fifteen m.p.h., looked in both directions at least twice, and saw no cross traffic. The EMS unit entered the intersection and was almost immediately struck broadside by the Sanderses'

vehicle. Investigators later estimated the speed of the Sanderses' car at impact as at or slightly below the posted fifty-five m.p.h. speed limit. Neither vehicle left skid marks. Blaine and Mildred Sanders both died as a result of injuries sustained in the collision.

Appellant, on behalf of the Sanderses' estates, brought the wrongful death and survivorship suit against the city of Wauseon ("appellee"), which is the subject of this appeal. Appellant alleged that appellee's EMS driver, acting within the scope of her employment, was negligent in the operation of the EMS unit and that this negligence was a proximate cause of the injuries and eventual death of the Sanderses. In October 1995, following discovery, the matter proceeded to jury trial, which resulted in a verdict for the city of Wauseon. Appellant appealed the judgment, and on August 23, 1996, this court found that the jury had been given an erroneous instruction and remanded the matter to the trial court for a new trial. *Schwarzbek v. Wauseon* (1996), 113 Ohio App.3d 631, 681 N.E.2d 986.

A second trial was had, and on February 26, 1997, the jury returned interrogatories and a verdict in favor of appellant on the issue of liability, finding that appellee was negligent in the operation of its EMS vehicle. On March 11, 1997, the trial court filed its judgment entry in which it approved the jury's interrogatories and verdict finding that appellee's negligence was a proximate cause of the collision, and ruled that appellee was liable for appellant's damages for all pending claims that proximately resulted from the collision.

On March 19, 1997, appellee moved for judgment notwithstanding the verdict. The city argued that it was immune from liability for the collision under R.C. 2744.02(B)(1)(b) because (1) the city employee driving the EMS van was a member of the city's fire department, (2) the driver was answering an emergency alarm, and (3) the operation of the vehicle did not constitute willful or wanton misconduct. On March 25, 1997, the trial court vacated the jury verdicts from the second trial and granted Wauseon's motion, finding that "there is no genuine issue of material fact as to the status of Defendant's Employee, that she is a member of a City Fire Department, and she was employed within the scope and course of her employment at the time of the accident, and that Defendant's Motion is in accordance with the law * * *."

■ In her sole assignment of error, appellant asserts that the trial court erred by granting appellee's motion for judgment notwithstanding the verdict. Appellant argues that the statute that should be applied in determining whether the city of Wauseon is immune from liability for the damages resulting from the collision is R.C. 2744.02(B)(1)(c), which covers immunity for emergency medical services. Appellant asserts that the EMS unit involved in the collision was an emergency medical vehicle, not a fire department vehicle, and as such comes

under subsection (c), which contains the additional requirement of compliance with R.C. 4511.03. In further support of her argument against immunity, appellant asserts that application of R.C. 2744.02(B)(1)(b) in this case would violate the Equal Protection Clause of the Ohio Constitution. A review of the record below, however, reveals that appellant failed to raise this issue at the trial court level and argues it for the first time on appeal. We find that appellant therefore has waived review of this issue by failing to raise it at the trial level. See *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue.

A motion for judgment notwithstanding the verdict does not present factual issues but involves a question of law, although in deciding such a motion the court must review and consider the evidence. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph three of the syllabus.

R.C. 2744.02(A)(1) states:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

R.C. 2744.01 lists specific examples of "governmental functions" including, but not limited to, "the provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection * * *." R.C. 2744.01(C)(2)(a).

The blanket immunity granted in R.C. 2744.02(A) is qualified by five specific exceptions set forth in R.C. 2744.02(B)(1) through (5). R.C. 2744.02(B)(1), the relevant section in this case, provides:

"(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority. * * *"

That exception to immunity is further subject to specific defenses enumerated in R.C. 2744.02(B)(1)(a), (b), and (c). Subsections (b) and (c), the two defenses at issue herein, provide "full defenses" when:

"(b) *A member of a municipal corporation fire department* or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire,

proceeding toward a place where a fire is in progress or is believed to be in progress, or *answering any other emergency alarm* and the operation of the vehicle did not constitute willful or wanton misconduct[.]" (Emphasis added.)  Or,

"(c) *A member of an emergency medical service owned or operated by a political subdivision* was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license issued pursuant to Chapter 4506. or a driver's license issued pursuant to Chapter 4507. of the Revised Code, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of section 4511.03 of the Revised Code." (Emphasis added.)

R.C. 4511.03, which imposes an additional requirement upon members of an emergency medical service owned or operated by a political subdivision, provides as follows:

"The driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

This court notes preliminarily that the parties stipulated that at the time of the collision, Marcia Demaline, the driver of the EMS vehicle, was an employee of the city of Wauseon and was operating the vehicle within the scope of her employment.  Further, the parties agreed that there was no evidence that the operation of the vehicle constituted willful or wanton misconduct.  We must now determine whether any defense to liability should be ascertained pursuant to subsection (b) or subsection (c), cited above.

If subsection (b) applies, the jury's finding that Demaline was negligent pursuant to R.C. 4511.03 is of no import, since that subsection does not require compliance with R.C. 4511.03.  Pursuant to this subsection, if Demaline was *a member of the Wauseon Fire Department* answering *an emergency alarm* at the time the collision occurred, the city would be immune from liability, even if the collision was due to the driver's negligence, as long as there was no willful or wanton misconduct.

In contrast, if subsection (c) applies, the city would not qualify for immunity due to the jury's finding of negligence under R.C. 4511.03.  Subsection (c) confers immunity only if Demaline was *a member of an emergency medical service* owned or operated by a political subdivision, was operating the vehicle while responding to a *call for emergency medical care or treatment,* and she *complied*

*with the precautions of R.C. 4511.03,* as long as there was no willful or wanton misconduct.

As to Demaline's status as a member of either a municipal corporation fire department or a member of an emergency medical service, in Demaline's words she was on an "emergency run" at the time of the collision. She stated further that she is "employed as * * * a volunteer firefighter with the City of Wauseon." Demaline testified that in order to become a volunteer firefighter, she submitted an application to the fire department. She initially was trained for the firefighting division and approximately one and a half years later attended more schooling to become an emergency medical technician.

James Gamber, Wauseon Fire Chief, testified that the fire department is responsible for the emergency medical services. Gamber stated that this has been the case since Ohio implemented emergency medical services statewide in 1974. Gamber testified further that Wauseon's emergency medical service is not a private EMS owned and operated by the city and that the fire department is responsible for the service.

Upon consideration of the law and the evidence as summarized above, this court finds that there was evidence before the trial court that (a) the Wauseon Fire Department is responsible for the emergency medical service, and (b) Demaline was hired by the fire department and trained initially as a firefighter. We further find that, at the time of the collision (a) Demaline was an employee of the city of Wauseon operating the EMS vehicle in the scope of that employment, (b) Demaline was a member of the Wauseon Fire Department answering an emergency alarm, and (c) the collision was not due to willful or wanton misconduct on Demaline's part. We find, therefore, that the defense to liability provided by R.C. 2744.02(B)(1)(b) is applicable to appellee. Accordingly, the trial court did not err by granting the city of Wauseon's motion for judgment notwithstanding the verdict and appellant's sole assignment of error is not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER, J., concurs.

SHERCK, J., dissents.

SHERCK, Judge, dissenting.

I must admit that I cannot ascertain a logical reason for the General Assembly to make immunity dependent on the observance of R.C. 4511.03 for EMS employees and not for firefighters. I can discern no difference in the functions of these emergency vehicles that justifies separate standards. I believe that for public safety, all emergency vehicles should observe R.C. 4511.03.

Nevertheless, in this situation in which immunity pivots on the distinction, I would hold that the EMS unit driver's function was that of an EMS driver and not her ancillary role as an employee of the fire department. If the distinction is to be made, the classification should be decided on the employee's function rather than on the title held or the happenstance of an individual's payroll. Accordingly, I would reverse the trial court's decision and deny immunity in this case.