JOURNAL ENTRY AND OPINION
Defendant-appellant, Earle Whitmore, appeals the judgment of the Cuyahoga County Court of Common Pleas finding him guilty after a jury trial of child endangering, in violation of R.C. 2919.22. Appellant asserts that the trial court erred in failing to hold a hearing when, partway through the trial, Juror Number 13 informed the court that she needed to be excused because she knew one of the witnesses. Appellant also asserts that he was denied his right to effective assistance of counsel because his counsel did not request that Juror Number 13 be questioned by the court or by counsel. Finding no error, we affirm.
On January 19, 2000, appellant was indicted on five counts of child endangering, in violation of R.C. 2919.22(B), each count involving a different victim. The charges arose out of an incident that occurred on June 19, 1999 at the Cuyahoga Hills Boys Facility, a juvenile correctional facility for boys. On that date, appellant, who was employed at the facility as a Juvenile Correction Officer, allegedly selected five youths from A dorm to walk the gauntlet. Appellant then allegedly instructed the other youths in A dorm to form two lines and to punch and hit the five males as they walked between the two lines, i.e., walked the gauntlet.
Trial commenced on March 20, 2000. At the close of the state's case, the trial court granted appellant's Crim.R. 29 motion for dismissal regarding counts two through five of the indictment. The trial court denied appellant's motion to dismiss regarding count one and the state amended count one from a second-degree to a third-degree felony.
Appellant called six witnesses to testify on his behalf. Immediately after Thomas Holbert, one of the alleged victims, had taken the stand to testify for the defense, the following exchange occurred between Juror Number 13 and the trial court:
 Juror No. 13: Excuse me, I need to be excused. I know this witness.
 The Court: No ma'am, you will stay there. Thank you.
Holbert completed his testimony without further interruption from Juror Number 13.
On March 24, 2000, the jury found appellant guilty. The trial court subsequently sentenced him to two years of community control sanctions under the supervision of the probation department, with the conditions that appellant attend and complete an anger management course and submit to random urinalysis testing.
Appellant timely appealed, raising two assignments of error for our review:
 I. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING OR FURTHER INVESTIGATE JUROR NO. 13'S CLAIM THAT SHE SHOULD BE EXCUSED BECAUSE SHE KNEW MASTER HOLBERT, ONE OF THE ALLEGED VICTIMS.
 II. THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL FAILED TO REQUEST THAT JUROR NO. 13 BE QUESTIONED BY THE COURT AND/OR BY COUNSEL.
In his first assignment of error, appellant contends that the trial court erred in not holding a hearing or conducting an investigation of Juror Number 13's claim during the trial that she should be excused because she knew Thomas Holbert, one of the alleged victims. Appellant contends that the right to trial by an impartial jury is one of the most fundamental tenets of our criminal justice system and, therefore, it was incumbent upon the trial court to question Juror Number 13 after she admitted knowing Holbert to determine her relationship with Holbert and whether or not it would affect her ability to be fair and impartial. Appellant contends that by refusing to make an appropriate investigation, the court failed to protect [his] right to a fair trial by an impartial jury.
Appellant's argument is without merit because the trial court did, in fact, conduct an investigation into Juror Number 13's suitability after she informed the court that she knew Holbert. The trial court's journal entry supplementing the record, dated December 1, 2000, states as follows:
 On November 28, 2000, a hearing was held before Judge Brian J. Corrigan. Present in person were Assistant County Prosecutor Terese M. Tiburzio, trial counsel representing the State of Ohio, and Gregory S. Robey, appellate counsel for defendant. Appearing by speakerphone was Brian Bartko, who represented defendant at trial.
 The court and trial counsel, Mr. Bartko and Ms. Tiburzio, agreed to the following statement of what occurred following Juror No. 13's statement on March 21, 2000, that she knew one of the witnesses:
 At the end of the day the Court requested that Juror No. 13 come to sidebar, when the other jurors had been excused for the evening.
 The Court inquired of the juror concerning her knowledge of the witness. The Court made a determination that the juror's knowledge of the witness would not affect her ability to be fair and impartial. The Court communicated this information to both counsel for the State (Ms. Tiburzio) and for defendant (Mr. Bartko.) It appearing that this information was omitted from the trial record, the record should be corrected to include the above statement of events.
Removal of a juror is within the sound discretion of the trial court. State v. Kelly (1994), 93 Ohio App.3d 257, 270, citing State v. Grubb (1988), 44 Ohio App.3d 94. R.C. 2313.42 provides that a juror may be dismissed for cause if he or she cannot be a fair and impartial juror. The fact that a juror is acquainted with a witness, however, does not necessarily affect the juror's impartiality. State v. Woodards (1966),6 Ohio St.3d 14, 22.
Here, upon inquiry, the juror demonstrated to the satisfaction of the trial court that she could be fair and impartial. Although it would have been better to have the trial judge's questions and Juror Number 13's responses included in the record, we are satisfied that the trial court made an appropriate inquiry sufficient to determine whether Juror Number 13's acquaintance with the witness would affect her ability to fairly and impartially decide the case. Upon concluding that it would not, the trial court did not err in not removing Juror Number 13 from the jury. See Kelly, supra.
This case is similar to McQueen v. Goldey (1984), 20 Ohio App.3d 41 . There, as a witness was testifying, a juror suddenly advised the court that she knew the witness. At the subsequent sidebar, the court asked the juror if the fact that she knew the witness would cause her to pay more attention to that witness's testimony. The trial court was satisfied with the juror's negative response, and did not allow further questioning of the juror by the parties nor did the trial court remove the juror from the jury. On appeal, the plaintiff argued that the trial court had erred in not conducting further examination of the juror. The appellate court affirmed the trial court's decision, however, stating:
 It is basic that litigants are entitled to have their rights tried and determined by a jury of impartial, unprejudiced and unbiased men and women. Petro v. Donner (1940), 137 Ohio St. 168, 174. Voir dire of the jurors ensures the litigant's right to a fair and impartial jury. The extent to which counsel may examine the jurors is within the sound discretion of the trial court. The judgment will be reversed only if the trial court has abused its discretion. Krupp v. Poor (1970), 24 Ohio St.2d 123; Pavilonis v. Valentine (1929), 120 Ohio St. 154; Richley v. Bowling (1972), 34 Ohio App.2d 200.
 The trial court, in the case at bar, did not abuse its discretion in not permitting appellants' counsel to question the juror or conducting further inquiry itself while the trial was in progress. * * * The trial court determines credibility and must have believed the juror when she indicated that she would not be influenced by the witness. Further questioning of the juror in the middle of the trial was not necessary.
Here, as in McQueen, the trial judge questioned Juror Number 13 sufficiently to determine whether or not she could decide the case fairly even though she was acquainted with one of the defense witnesses. Accordingly, the trial court adequately protected appellant's right to trial by a fair and impartial jury.
Appellant's first assignment of error is therefore overruled.
In his second assignment of error, appellant contends that he was denied his right to effective assistance of counsel because his counsel failed to request that counsel or the court investigate whether Juror Number 13's relationship with Holbert affected her ability to be fair and impartial.
As explained by the Ohio Supreme Court in State v. Campbell (1994),69 Ohio St.3d 38, 43:
 A defendant who claims ineffective assistance must show deficient performance by counsel and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668. The performance inquiry requires the court to ask whether, considering all the circumstances, `counsel's representation fell below an objective standard of reasonableness.' Id. at 688. The court `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.' Id. at 689. The prejudice inquiry `is whether there is a reasonable probability that, absent the errors, the factfinder would have' acquitted the defendant * * *. Id. at 695. `A reasonable probability is a probability sufficient to undermine confidence in an outcome.' Id. at 694.
We have already determined that the trial court conducted a sufficient inquiry to determine whether Juror Number 13's acquaintance with Holbert would affect her ability to decide the case fairly. Thus, trial counsel's failure to request that the court conduct an inquiry was not deficient.
Trial counsel's failure to request that counsel be allowed to further examine Juror Number 13 during the trial was similarly not deficient. Here, as in McQueen, supra, the trial court's inquiry into Juror Number 13's acquaintance with the witness and its impact on her ability to decide the case fairly was sufficient to protect appellant's right to trial by a fair and impartial jury. Accordingly, further questioning of the juror by counsel was not necessary.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE, P.J.:
JAMES J. SWEENEY, J. and COLLEEN CONWAY COONEY, J., CONCUR.