**MONSEY, Plaintiff-Appellee, v. CINCINNATI STREET RAILWAY COMPANY, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7086. Decided May 23, 1949.

Robert F. Dreidame, Cincinnati, for plaintiff-appellee.
John M. McCaslin, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

This appeal is from a judgment for the plaintiff for damages to an automobile, as the result of a collision with one of the defendant's street cars.

The defendant-appellant complains specifically of the giving of the following special charge:

"I charge you that the mere fact that the front of plaintiff's automobile ran into and against the side of the defendant's street car does not prevent the plaintiff from recovering, if you find that the sole, proximate cause of the collision was the negligence of defendant's motorman.

"I charge you that if you find from all of the evidence that the sole, proximate cause of the collision in question was the negligence of the defendant's motorman, then your verdict must be for the plaintiff."

As the basis of his claim of error counsel relies upon **Plotkin v. Meeks, 131 Oh St, 493,** in which the court held, as stated in the syllabus that:

"1. When contributory negligence is a controverted issue, it is not error to refuse a special charge to the jury which

assumes plaintiff guilty of negligence and leaves to the jury only the question of proximate cause.

"2. A special charge to the jury requested by a party to the action, which is based on the assumption that a material fact exists in the case, but which in reality is in dispute between the parties, is properly refused. (**Northern Ohio Rd. Co. v. Rigby**, 69 Oh St, 184, paragraph 1 of syllabus; **Binder v. Youngstown Municipal Ry. Co.**, 125 Oh St, 193, paragraph 1 of syllabus; **Weybright v. Fleming**, 40 Oh St, 52, paragraph 1 of syllabus; **Bellefontaine Ry. Co. v. Snyder**, 24 Oh St, 670, paragraph 3 of syllabus, approved and followed. **Bartson, d. b. a. Bartson Driveaway Co. v. Craig, an Infant**, 121 Oh St, 371, overruled.)"

The special charge which the court found contained an assumption of a disputed fact was:

"If you find from the evidence that the negligence of the plaintiff either directly caused or directly contributed in the slightest degree to cause the injuries of which she complains, your verdict must be for the defendant."

A comparison of the charge given in the Plotkin case with the charge given in the case at bar forces us to the conclusion that the latter contains the same vice. In each, there is an assumption of negligence by plaintiff, leaving only the issue of proximate cause for decision by the jury.

We find that the court erred in giving the special charge.

Appellant's counsel also relies upon an alleged error in the general charge, wherein the court said:

"The Court charges you if you find from the evidence that the defendant did violate that ordinance or did violate the law and went against the red light he is guilty of negligence, as defined to you, you should then find for the plaintiff."

Of course, the finding of one of several issues in favor of the plaintiff would not entitle him to a finding on all the other issues and to a general verdict. Such an instruction, manifestly, would be erroneous. The court did not clearly and positively so charge, but, certainly what was said could have misled the jury and together with the special charge may account for the verdict for the plaintiff.

The last objection of appellant is that the verdict and judgment are not supported by any substantial evidence and

that, therefore, the court erred in overruling its motions for an instructed verdict for judgment. In passing upon this claim, we limit ourselves to a consideration of the plaintiff's own testimony. The plaintiff was operating his automobile at the time and if his testimony fails to show a cause of action, it is useless to go further in our consideration of the record.

The collision of the plaintiff's automobile and the defendant's street car took place in the intersection of Broadway and East Fifth Street in the City of Cincinnati. North of East Fifth Street on Broadway, there are two street car tracks. One of these tracks continues across East 5th Street on Broadway, and the other (the easterly track) turns westwardly on East Fifth Street and crosses the westwardly track, and proceeds westwardly on East Fifth Street.

East Fifth Street is somewhere between 70 and 80 feet wide, and Broadway is about half that width.

There is a loading platform on the west side of Broadway, just north of East Fifth Street, and a loading platform on East Fifth Street, just west of Broadway. This latter loading platform is immediately south of the street car tracks. in East Fifth Street that turn from Broadway onto East Fifth Street at that intersection, and between this platform and the south curb of East Fifth Street, there are three lanes. of traffic.

Traffic at the intersection of East Fifth Street and Broadway is controlled by lights.

The defendant's street car had approached the intersection on Broadway from the north and was proceeding southwardly across the intersection at the time of the collision.

The plaintiff approached the intersection from the west. and was proceeding eastwardly in the intersection when his automobile came into collision with the street car.

On the subject of what happened! just prior to and at the time of the collision, the plaintiff testified:

"Q. Now in which lane were you proceeding?

"A. I was in the lane right next to the loading platform.

"Q. That would be the northerly lane of these three; is that correct?

"A. Yes.

"Q. Now, was there anything on the other side of the loading platform?

"A. Well, directly to my left was a street car also waiting: for the light to turn to make a left turn, the street car.

"Q. That was not the street car with which your automobile had later collided?

"A. No, sir.

"Q. At the time you are talking about was your automobile moving or was it stopped?

"A. My automobile was completely stopped.

"Q. What was the color of the light at that time?

"A. Red.

"Q. And about where was the front end of your automobile at the time we are now talking about?

"A. It was a few feet behind the front end of the street car that was on my left, a few feet behind.

"Q. Where was the front of that street car that was on your left, with reference to say the car tracks that run north and south on Broadway?

"A. Well, I would say that that street car was stopped right there where it should be stopped, right there at the buttons.

"Q. Now, what happened from the time that you were stopped? Tell us what next occurred.

"A. Well, the light changed to yellow and the light changed to green and when the light changed to green I immediately proceeded east and I did not see the street car until I was approximately ten feet from it. I was accelerating at the time. There was a reaction period there from the time my foot left the accelerator until I hit the brake pedal and by the time I stopped it was too late. I met with the street car. It was a few feet in front of the center unloading platform on the street car, that is where I met it, and what caused damage to the car was the fact that this street car dragged my car approximately ten feet, because the bumper was caught right there at the unloading platform in the center of the street car.

"Q. By unloading platform you mean the step that people step on as they get out of the center of the car?

"A. Yes, sir.

"Q. When was it that you first saw the front of the street car?

"A. Well, it was approximately eight or ten feet from me.

"Q. Where was it with reference to this other car that was on your left at that time?

"A. At the time I saw it it had pulled just in front, just beyond the middle of the street car on my left.

"Q. As it came out ahead of that street car on your left you saw it?

"A. That's right.

"Q. You were then about ten feet from it?

"A. From the street car, yes.

"Q. Describe the manner in which you ran into the street car, that is the manner in which your car came in contact with it, as to whether it was a severe blow or otherwise?

"A. It was not a severe blow. The bumpers of my car went underneath the street car and the hood of my car just barely touched the side of the street car. I had almost come to a dead stop, whether I did make contact with the street car—

"Q. At that time, Mr. Monsey, can you tell the jury what color of the light was?

"A. At the time I proceeded east on Fifth Street the light was green.

"Q. And what color was it when you came in contact with the street car?

"A. The light was green.

"Q. Green for whom?

"A. Green for me."

\* \* \*

"Q. Well, was there any collision between that street car and the southbound street car?

"A. No, sir, Mr. McCaslin, because the operator of that street car could see the street car coming south on Broadway and I could not.

"Q. You were not in a position to tell whether or not, when that light turned green for you, any traffic had entered the intersection from the north or not, were you?

"A. No, sir."

Now what does this testimony mean?

It means, we think, that the plaintiff, relying solely upon the fact that the traffic light was green, proceeded into the intersection, knowing that there might be a street car or other southbound traffic on Broadway lawfully in the intersection, with preferential right to complete the crossing (§6307-13 GC), without having his automobile under sufficient control to avoid colliding with such traffic, should there be any such traffic in the intersection. The operator of the street car which was alongside of plaintiff's automobile at the loading platform did not operate his street car so as to collide with the street car going south on Broadway, because he saw it and controlled his street car, so that it would not come in contact with the approaching street car. The plaintiff, without knowing whether a street car had entered the

intersection from the north, and with his view obstructed by the street car proceeding alongside failed to so control his automobile as to prevent it from coming into collision with the southbound street car proceeding along a path predetermined by the visible equipment in the street. In so proceeding, in sole reliance on the traffic lights, under those circumstances, the plaintiff was negligent, and such negligence was, at the least, a part of the direct cause of the collision.

For these reasons, the judgment is reversed and final judgment rendered for the defendant.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.