TRESENRIDER, APPELLANT, *v.* RISS & CO., INC., ET AL., APPELLEES.

(No. 7075—Decided May 28, 1963.)

*Mr. John H. Lewis* and *Mr. Dale D. Rapp*, for appellant.
*Mr. Walter Siemer* and *Mr. Clifford L. Rose*, for appellees.

DUFFY, P. J.   This case arose out of an automobile collision at the intersection of Phillippi Road and West Broad Street in Columbus, Ohio.

In the Court of Common Pleas of Franklin County, a trial was had before the judge and the jury, and the jury rendered a verdict for the defendants, appellees herein. The plaintiff, appellant herein, has appealed to this court from a judgment entered on the verdict for the defendants.

The plaintiff has made seven assignments of error. We are of the opinion that assignments of error numbers 1, 4, 5, and 6 could not result in any prejudice to the plaintiff. The other assignments of error are as follows:

"2. Error of the court in instructing the jury that if de-

fendants had a green light they had the right to proceed uninterruptedly through the intersection.

"3. Error of the court in instructing the jury that if defendants had the green light when they entered the intersection there can be no recovery in this case.

"7. The trial court erred in overruling appellant's motion for a new trial."

The evidence indicates that the car in which the plaintiff was riding was proceeding south on Phillippi Road intending to make a left turn to go east on West Broad Street. The defendants' truck was traveling west on West Broad Street. Evidence offered by the defendants indicates that the automobile in which the plaintiff was a passenger started through the intersection from a stopped position against a red light and directly into the path of the defendants' truck, and that the driver of the truck veered in the direction the automobile was moving in an attempt to avoid hitting it.

The driver of the automobile in which the plaintiff was riding testified as follows:

"A. I stopped at the entrance or the exit from the Beverlee Drive-In grounds onto Phillippi Road.

"Q. Now, state what you did next. A. I waited there at that exit until one car going north had cleared, there was no other traffic, I pulled out and come down to the intersection and stopped for a red light.

"Q. What intersection? A. The intersection of West Broad and Phillippi Road.

"Q. Now, state what happened next. A. When the light turned in my favor, turned green on my side, I pulled into the intersection.

"Q. How far into the intersection did you go? A. I stopped just at the tip there of the green grass section between the eastbound and the westbound traffic.

"Q. For what reason did you stop there? A. To clear one car coming in my direction up Georgesville Road.

"Q. Did you have any signal lights on at that time? A. I had my turn indicator going for a left hand turn.

"Q. Where were you planning to turn? A. I wanted to make a left hand turn into Broad Street and come on into Columbus.

"Q. You live on Eureka Avenue, which is where? A. Ap-

proximately three and one half, four miles from that particular intersection.

"Q. Now, after you stated that the light changed and you started up, what happened next? A. I pulled into the intersection and stopped, and that is where I was hit, I was at a dead stand still in the intersection when I was hit."

The trial judge's charge contains the following:

"Now there is evidence that the driver of the car in which she was riding entered the intersection against the red light. You've heard the testimony and the light would not be red against both drivers at the same time. But even if the driver of the car in which the plaintiff was riding went into the intersection against the red light, that would not—that would preclude her from recovery, but would not preclude the plaintiff in this action because any negligence on Mrs. Hair's part could not be attributed to the plaintiff. But I again state to you that if the defendant went into the intersection, or his driver, that going in against the red light caused this accident, then the plaintiff would be entitled to a verdict at your hands. On the other hand, if the light was green when he went into the intersection he had a right to proceed uninterruptedly through that intersection, and if that was a fact, if he had the right—the light green as he entered the intersection, there can be no recovery in this case and your verdict in that event must be for the defendant."

From the testimony of the driver of the car in which the plaintiff was riding, the jury could have found that her car was in the intersection waiting to make a left turn when it was struck by the defendants' truck. It is also possible that the jury could have found that the defendants' truck entered the intersection on a green light after the car in which the plaintiff was riding was already in the intersection, in which case the charge of the trial judge did not take into consideration the duty of the driver entering the intersection on the green light to "yield the right of way to vehicles, streetcars, and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited." See Section 4511.13 (A) (2), Revised Code of Ohio. See, also, paragraph (G) of the same section.

Instead of the defendants' truck driver having the right to proceed uninterruptedly into the intersection, it would appear

that he had a duty to use ordinary care to avoid injury to the plaintiff and others who were lawfully in the intersection at the time the light turned green for the westbound traffic on West Broad Street. See *Beers* v. *Zettelmeyer, Jr., a Minor,* 155 Ohio St., 520. See, also, *Indianapolis & Southeastern Trailways, Inc.,* v. *The Cincinnati Street Ry. Co.,* 166 Ohio St., 310.

The defendants deny that the charge given by the court was erroneous, ambiguous, or misleading, but state that ''If there was error at all, and we say there was not in view of the facts of this case, the error was one of omission and not of commission.''

In view of the differences in the testimony offered by the plaintiff and the defendants, we believe that that part of the charge which gave the defendants-appellees the right to proceed uninterruptedly through the intersection if the light was green when they went into the intersection was erroneous and was prejudicial to the plaintiff. It, therefore, follows that the defendants were not entitled to judgment merely because they entered the intersection on the green light, and assignments of error numbers 2 and 3 will be sustained.

The judgment of the trial court will be, and hereby is, reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

DUFFEY and YOUNGER, JJ., concur.

ON APPLICATION for rehearing.

(Decided July 9, 1963.)

DUFFY, P. J. An application for reconsideration has been filed by the defendant Riss & Company, Inc.

After a reading of the memorandum in support and the memorandum contra the application, we are of the opinion the application should be denied.

*Application denied.*

DUFFEY and YOUNGER, JJ., concur.

YOUNGER, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.