[Cite as *State v. Cox*, **2011-Ohio-1316.**]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DAMIAN M. COX | : | Case No. 10-CA-0016 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Mount Vernon Municipal
                             Court, Case No. 10TRC1547


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 21, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

P. ROBERT BROEREN, JR.                  JAMES L. DYE
5 North Gay Street                      One Public Square
Suite 222                               P.O. Box 161
Mount Vernon, OH  43050                 Pickerington, OH  43147

*Farmer, J.*

{¶1}  On April 9, 2010, Ohio State Highway Patrol Trooper Samuel Criswell observed a vehicle parked in the area of the public square with its brake and back-up lights illuminated.  The vehicle stayed in this position for approximately ten minutes.  Trooper Criswell continued his patrol and the next time he observed the vehicle, it was stopped in the center of the roadway at a stop sign.  Trooper Criswell circled around to position his cruise behind the vehicle.  As Trooper Criswell stopped behind the vehicle, the vehicle moved through the intersection.  Trooper Criswell initiated a traffic stop.  As a result, the driver of the vehicle, appellant, Damian Cox, was charged with driving under the influence in violation of R.C. 4511.19 and parking on a highway in violation of R.C. 4511.66.

{¶2}  On June 7, 2010, appellant filed a motion to suppress, claiming an illegal stop.  A hearing was held on June 29, 2010.  By journal entry filed July 21, 2010, the trial court denied the motion.

{¶3}  On August 18, 2010, appellant pled no contest to the driving under the influence charge and the parking charge was nolled.  The trial court found appellant guilty and sentenced him to five years of community control and imposed fines and a driver's license suspension.

{¶4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}  "THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH

AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY DENYING APPELLANT'S MOTION TO SUPPRESS AS THE ARRESTING OFFICER DID NOT POSSESS REASONABLE ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY, SUFFICIENT TO JUSTIFY THE INITIAL STOP OF APPELLANT'S VEHICLE."

I

{¶6}    Appellant claims the trial court erred in denying his motion to suppress as Trooper Criswell did not have a reasonable articulable suspicion of criminal activity.  We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams* (1993), 86 Ohio App.3d 37.  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.

*State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶8}** In *Terry v. Ohio* (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman* (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.

**{¶9}** In its journal entry filed July 21, 2010, the trial court concluded the following:

**{¶10}** "The Defendant argues that he was legally required to stop at the intersection and that there is no prohibition to parking on the roadway in a residential neighborhood and as a result the officer lacked reasonable and articulable suspicion to stop the Defendant's vehicle.

**{¶11}** "The question of whether appellant might have a possible defense to a charge of violating a section of the Revised Code is irrelevant to the analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer

is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge. See *State v. Mays supra.*

{¶12} "The Court finds that these specific and articulable facts gave the Officer reasonable cause to stop the vehicle being operated by the Defendant."

{¶13} It is appellant's position that because Trooper Criswell was mistaken as to a violation of R.C. 4511.66, prohibition against parking on highway, the stop was illegal.

{¶14} It is conceded that R.C. 4511.66 provides for an exception to the charge in a residential/business area. The stop was within a residential/business area.

{¶15} Trooper Criswell testified he first observed appellant's vehicle parked in the area of the public square with the brake and back-up lights illuminated for approximately ten minutes. T. at 6. The trooper next observed the vehicle on North Jefferson Street, stopped in the center of the roadway. Id. Trooper Criswell circled around to get behind the vehicle; as he turned on the roadway, he observed the vehicle still stopped, unmoving at the stop sign. Id. After Trooper Criswell stopped his cruiser behind appellant's vehicle, the vehicle slowly moved through the intersection. Id. Trooper Criswell then initiated the stop. Id. A video recording of the stop, State's Exhibit 1, was presented as an exhibit, and illustrated that for the entire block as Trooper Criswell was approaching appellant's vehicle, the vehicle was at the stop sign with its brake lights on. Id. at 8.

{¶16} As our brethren from the Second District explained, reasonable suspicion of criminal activity in Ohio depends upon the totality of the circumstances:

{¶17} "Thus, the Supreme Court has determined that in light of the limited duration and purpose of the search, an officer's decision to conduct an investigatory

detention of an individual need only be supported by reasonable, articulable suspicion of criminal activity. *Id.; State v. Taylor* (1995), 106 Ohio App.3d 741, 667 N.E.2d 60. Reasonable suspicion is 'vaguely defined as something more than an inchoate or unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause.' *State v. Osborne* (Dec. 13, 1995), Montgomery App. No. CA 15151, unreported, 1995 WL 737913. In application, reasonable suspicion has been an easier standard for law enforcement officers to satisfy than the language of *Terry* might suggest. See Katz, Ohio Arrest, Search and Seizure (1997), Section 14.03(B). For example, while the *Terry* court disapproved of reliance on police 'hunches,' the Supreme Court of Ohio has been highly deferential to the judgment of police officers. *Id.,* citing, *e.g, State v. Bobo* (1988), 37 Ohio St.3d 177, 179, 524 N.E.2d 489, 491-492, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252; *State v. Freeman* (1980), 64 Ohio St.2d 291, 295, 18 O.O.3d 472, 474-475, 414 N.E.2d 1044, 1047, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94.

{¶18} "***

{¶19} "In determining whether reasonable suspicion was present, we sacrifice certainty for flexibility and look to the 'totality of the circumstances.' *Bobo, supra; State v. Wilks* (Sept. 30, 1993), Montgomery App. No. 13654, unreported, 1993 WL 386246." *State v. Shepherd* (1997), 122 Ohio App.3d 358, 364-365.

{¶20} As noted by the Supreme Court of Ohio in *State v. Bobo* (1988), 37 Ohio St.3d 177, 179, quoting *United States v. Hall* (C.A.D.C.1976), 525 F.2d 857, 859, the totality of the circumstance must " 'be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training.' " In

*Freeman,* supra, the Supreme Court of Ohio sanctioned a stop of a vehicle leaving a motel parking lot at 3:00 a.m. after an officer had observed the driver seated in the vehicle in the parking lot for approximately twenty minutes and a theft had been reported.

{¶21} The case sub judice presents an unusual set of circumstances. Generally, an automobile stop, even for a de minimus infraction of the traffic laws, is sanctioned. In this case, the trooper's false impression of an R.C. 4511.66 violation was the reason for the stop. However, other circumstances were also present (parked for ten minutes in a running vehicle and lingering at a stop sign for at least forty seconds).

{¶22} What is important is what the trooper at the time perceived and evaluated given appellant's actions. The trial court found there was no doubt in the trooper's mind that at the time of the stop, appellant had violated R.C. 4511.66. This is a factual call that remains in the province of the trial court. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665; *State v. Mills* (1992), 62 Ohio St.3d 357.

{¶23} Even if later the trooper's evaluation of the applicability of the statute is found to be incorrect, at the time of the stop, in the trooper's mind, a traffic violation had occurred.

{¶24} Upon review, we conclude the trial court did not err in denying appellant's motion to suppress.

{¶25} The sole assignment of error is denied.

{¶26}  The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 303

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAMIAN M. COX | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-0016 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES